Bernstein, J.
This action involves a claim by Phillips Services Corp. (hereinafter “Phillips”) against Auto Body Solvent Recovery Corp. (hereinafter “Auto”) for failure to pay invoices totaling $15,755.28 for processing hazardous waste at its facility in Rhode Island. Phillips is a licensed hazardous waste facility which accepts such materials. Auto is a hazardous waste hauler. Auto files this appeal asserting that the trial court admitted certain documents into evidence known as manifests, in violation of the evidentiary rules relating to hearsay. In addition Phillips did not appear at argument of this appeal, nor did it file a brief in opposition.
We first discuss the facts underlying this appeal. Phillips entered into a contract with Auto to accept environmental waste materials and dispose of them. In each instance in which delivery was made to Phillips’ facility, a document known as a “manifest” showing the origin of the waste, the name of the transporter hauler and the amount of waste was prepared by Auto and provided to Phillips at the time of the delivery. Phillips accepted the materials, signed off on the delivery and created an invoice based on information in the manifest. The record of the proceedings demonstrate that the invoice appeared on the reverse side of a copy of the manifest.
Over Auto’s objection at trial, the trial judge allowed Phillips to submit the manifests through its keeper of records who testified that the manifests were business records kept in the ordinary course of its business. Although the manifest is generated initially by Auto as the middleman hauler, it is turned over to Phillips at the time of delivery. Each involved party, the generator of waste, the hauler and the facility owner receiving the waste sign the manifest. Section 19 (method of disposal) and section 20 of the manifest (signature of receiving company) required completion by Phillips. Phillips was then bound to submit a copy to the Department of Environmental Protection, give a copy to the transporter, in this case Auto, and save and archive a copy. The appellant’s main claim relates to the admissibility of the manifests as business records.
1. Appellee’s Failure to File Brief: We first consider whether the failure of appellee to respond to appellant’s brief or appear at oral argument affects this court’s ability to review the record in full, or in the alternative, requires reversal.
*34 Massachusetts District/Municipal Court Rules for Appellate Division Appeal, Rule 19(c) addresses the consequence for failure to file briefs:
If an appellant fails to file a brief within the time provided by these rules, or within the time as extended by the trial court or the Appellate Division, appellee may move for dismissal of the appeal or the Appellate Division may sua sponte dismiss the appeal. If an appellee fails to file a brief, he or she will not be heard at oral argument except by permission of the Appellate Division.
In the circumstances of this review, we conclude that Phillips’ failure to file a brief does not preclude this court from a full review of the record. The only consequence to Phillips is forfeiture of the right to be heard at oral argument.
2. Admissibility of Business Records: The admission of business entries into evidence is controlled by M.G.L.C. 233, §78. Four preliminary findings are required to be made in order to admit such records: (1) the entry was made in good faith; (2) in the regular course of business; (3) before the action was begun; and (4) it was the usual course of business to make the entry at the time of the event. The proponent of the evidence must establish that it was the business duty of the preparer of the record to make the entry in the regular course of business. Wingate v. Emery Air Freight Corp., 385 Mass. 402, 408 (1982).
The thrust of Auto’s argument on this issue is that Phillips was not the preparer of the manifest. The evidence, however, suggests the contrary. Phillips as receiver of the hazardous waste material was an active participant in the generation of a completed manifest by receiving and signing off on the delivery of materials. The manifest contained a section of the document for the designated facility or operator to certify receipt of waste material described therein. Codes for hazardous waste treatment and disposal were required by section 19 of the manifest. Signature by Phillips as receiving facility was required by section 20. Indeed the document could not have been maintained and forwarded to the regulatory authorities without Phillips’ endorsement. The trial judge correctly inferred that Phillips participated in preparing the entries in the regular course of business at the time of the business event.
Accordingly, the appeal is dismissed.